946 So.2d 62 (2006)
Travis BROWN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2834.
District Court of Appeal of Florida, Third District.
December 20, 2006.
*63 Travis Brown, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.

ON MOTION TO ENFORCE MANDATE
PER CURIAM.
We grant Appellant Travis Brown's motion to enforce our mandate and order the trial court to hold further proceedings consistent with our prior opinion.
On August 30, 2005, Appellant Brown filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging entitlement to 540 days of jail credit. On September 16, the trial court summarily denied the motion. While the trial court's original order cited to a sentencing scoresheet,[1] the trial court failed to cite or attach portions of the plea colloquy conclusively establishing that Brown waived entitlement to the alleged jail credit. We therefore reversed and remanded "for further proceedings or for the attachment of record excerpts conclusively showing that the appellant is not entitled to any relief." Brown v. State, 925 So.2d 429 (Fla. 3d DCA 2006).
Based upon our mandate, the trial court had three options: (1) issue a new order granting relief to Brown, (2) enter a new order denying relief and attaching the necessary record evidence conclusively demonstrating that Brown is not entitled to credit, or (3) conduct a hearing on the merits of Brown's motion and issue a new order reflecting the trial court's findings. The trial court has not proceeded on any of these options. Brown therefore has filed this motion to enforce the mandate and we ordered the State to show cause why we should not grant Brown's motion to enforce the mandate. The State, apparently failing to recognize that the trial court's original order on Brown's 3.800(a) motion was reversed, merely forwarded Brown's plea colloquy. This is insufficient because the trial court has not revisited the 3.800 motion post-reversal. We therefore grant Brown's motion to enforce our mandate with directions to conduct further proceedings in accordance with this order.
NOTES
[1] The scoresheet was not, in fact, attached to the trial court's order.